Spencer D. Phillips (Bar No. 14401)
EMPLOYER-LAWYER PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, Utah 84043
Telephone: 801.874.4964
E-mail: spencer@employer-lawyer.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA SEPPICH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN D. MCQUILKIN, MD LLC, a Utah limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>(JURY DEMANDED)<br><br>Case No.:  To Be Assigned<br><br>Judge:  To Be Assigned |

Plaintiff Joshua Seppich ("Seppich"), by and through his undersigned counsel, brings this Complaint against Defendant Shawn D. McQuilkin, MD LLC ("Defendant") and hereby complains and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Seppich is an individual residing in Weber County, State of Utah, and at all times relevant to this action was an "employee" of Defendant, as defined in the Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 203(e)).

2. Defendant is a Utah limited liability company, with its principal place of business in Weber County, State of Utah.

3. All acts and omissions giving rise to the above-captioned action occurred within the State of Utah.

4. Defendant is an employer engaged in commerce and/or the production of goods for commerce, as those phrases are defined and used in the FLSA.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for Defendant.

6. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as the acts and omissions giving rise to this action occurred in the State of Utah.

**GENERAL ALLEGATIONS**

8. Seppich was employed by Defendant between July 2017 and November 2018.

9. Throughout his employment with Defendant, Seppich's duties included various manual tasks, including answering phone calls; engaging in in communications with patients regarding appointments; communicating with pharmacies; processing credit card payments; scheduling patient appointments; and coordinating events for the doctor's schedule.

10. Throughout his employment with Defendant, Seppich was paid unlawfully on a "salaried exempt" basis for 80.00 hours every two weeks. From July 2017 to August 2018, his pay approximated $22.82 per hour. In August 2018, Defendant reduced Plaintiff's wages down to $20.90 per hour.

11. During his employment by Defendant, Seppich regularly worked more than 40 hours per workweek.

12. Defendant did not allow Seppich to record his hours worked and told him he needed to work until the job was done.

13. During the weeks that he worked more than 40 hours per workweek, Seppich did not receive overtime pay as required by the FLSA.

14. Defendant told Seppich that it could not have a "litigious employee" and threatened to terminate Seppich's employment unless he signed an affidavit falsely asserting that he never worked more than 40 hours in any workweek.

15. Despite a formal, written demand, Defendant has failed and refused to remit the required overtime payment.

**FIRST CAUSE OF ACTION**
**(Unpaid Wages – Violation of the Fair Labor Standards Act – 29 U.S.C. § 216)**

16. The preceding paragraphs are incorporated by reference as if fully set forth herein.

17. At all relevant times herein, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

18. Defendant engages in interstate commerce for purposes of the FLSA and has experienced annual gross sales in excess of $500,000 at all times relevant to this action.

19. At all relevant times herein, Defendant was, and is responsible for paying wages to Seppich.

20. At all times relevant herein, Seppich was employed by Defendant as an "employee" within the meaning of the FLSA.

21. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his regular rate of pay for each hour worked in excess of 40 hours per workweek.

22. Seppich was a non-exempt employee based on the manual nature of his job duties, and was therefore entitled to overtime wages of one and one-half times his regular hourly rate for each hour worked in excess of 40 hours in a workweek.

23. Defendant knowingly and maliciously misclassified Seppich as an exempt employee.

24. Between July 2017 and November 2018, Seppich worked more than 40 hours per workweek on multiple occasions and was entitled to overtime compensation.

25. Seppich was never paid such overtime wages, in violation of the FLSA.

26. Seppich has been damaged by Defendant's failure to compensate him for overtime wages earned during his employment.

27. Defendant owes Seppich the unpaid overtime wages he earned, plus an equal amount as liquidated damages mandated by the FLSA.

28. As a result of Defendant's violations of the FLSA, Seppich is entitled to recover all reasonable attorneys' fees and costs in bringing this action.

29. As a result of Defendant's intentional and willful violations of the FLSA, Seppich is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Seppich prays that this Court:

1. Enter judgment in favor of Seppich for unpaid overtime wages in an amount to be proven at trial;

2. Enter judgment in favor of Seppich for liquidated damages in an amount equal to the aggregate underpayment of overtime wages as proven at trial;

3. Enter judgment in favor of Seppich, ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this action, including reasonable attorneys' fees and costs;

4. Enter judgment in favor of Seppich for compensatory and punitive damages in an amount to be proven at trial;

5. Enter a judgment awarding pre- and post-judgment interest on all unpaid overtime wages;

6. Award such other relief as the Court deems just and equitable.

DATED this 3rd day of January 2019.

EMPLOYER-LAWYER PLLC

*/s/ Spencer D. Phillips*
Spencer D. Phillips
*Attorneys for Plaintiff*